872 So.2d 711 (2004)
Lazente Carnell WILLIAMS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00650-COA.
Court of Appeals of Mississippi.
May 4, 2004.
*712 Lazente Carnell Williams, Appellant, pro se.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
EN BANC.
LEE, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On February 11, 1998, in the Circuit Court of Lee County, Lazente Carnell Williams pled guilty to two counts of burglary and, on March 11, 1998, pled guilty to one count of possession of cocaine. Williams was sentenced to five years on each burglary count, to run concurrently, with three years of each sentence suspended. Williams was sentenced to three years on the possession charge, with one year suspended. The lower court ordered that the possession charge was to run concurrently with the burglary charges and that each of the sentences were to run concurrently with a federal sentence that Williams was to serve in the federal penal system. On December 11, 2002, Williams filed a petition for writ of error coram nobis. The trial court treated Williams's petition as a motion for post-conviction relief and dismissed the motion as timebarred. Williams now appeals to this Court asserting that his guilty plea was not knowingly and voluntarily entered into and that the trial court erred in not considering his ineffective assistance of counsel claim. Finding these issues to be without merit, we affirm the dismissal of postconviction relief.

DISCUSSION OF ISSUES
¶ 2. In reviewing a trial court's dismissal of post-conviction relief, our standard of review is well stated. We will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052 (¶ 4) (Miss.Ct.App.2000).
¶ 3. Williams argues that his guilty plea was not entered into either knowingly or voluntarily and that the trial court erred in not considering his ineffective assistance of counsel claim. However, according to Mississippi Code Annotated Section 99-39-5(2) (Supp.2003), "[a] motion for relief under this article shall be made... in case of a guilty plea, within three (3) years after entry of the judgment of conviction." As Williams entered his guilty pleas on February 11 and March 11 of 1998, and his motion for relief was filed more than three years later, we find that the motion was properly dismissed as time-barred.
¶ 4. Regardless of the time bar, Williams's other claims are also without merit. According to the Mississippi Supreme Court, if the defendant is advised regarding the nature of the charge and the consequences of the plea, then the plea is considered voluntary and intelligent. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Furthermore, "[s]olemn declarations *713 in open court carry a strong presumption of verity." Baker v. State, 358 So.2d 401, 403 (Miss.1978). In the present case, the record reflects that Williams was informed of the charges against him and the possible sentence. The record also reveals that Williams admitted to committing the crimes charged. In light of the fact that Williams stated under oath that he understood the consequences of pleading guilty and that no one had made any representations to him regarding his sentence, we find Williams's argument that his plea was not voluntary to be without merit.
¶ 5. In his argument concerning ineffective assistance of counsel, Williams merely claims that his attorney did not inform him of the consequences of the guilty plea. While looking to the totality of the circumstances, we must determine whether Williams proved his counsel's performance was deficient and whether this deficiency resulted in prejudice to Williams. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It is clear from the record of the plea colloquy that Williams was informed of the consequences of his guilty plea. We cannot find that Williams was denied effective assistance of counsel; thus, this issue is without merit.
¶ 6. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO LEE COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.