872 So.2d 708 (2004)
Carlos Fernanda JACKSON a/k/a Los, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-01349-COA.
Court of Appeals of Mississippi.
May 4, 2004.
*709 Carlos F. Jackson, Appellant, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before SOUTHWICK, P.J., IRVING and GRIFFIS, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Carlos F. Jackson filed a petition seeking post-conviction relief in circuit court. Jackson had earlier pled guilty to murder and to one count of aggravated assault. He was sentenced to life in prison for murder and twenty years for aggravated assault to be served consecutively to his sentence for murder. In his later petition for post-conviction relief, Jackson claimed his right to due process was violated because he was not informed of the elements of murder, there was no factual basis established for murder and aggravated assault, and his counsel was ineffective. His petition was denied. From this, Jackson appeals. We affirm.

DISCUSSION

1. Voluntariness of guilty plea
¶ 2. Jackson attacks the voluntariness of his guilty plea. He claims that he was not aware that an element of murder was a "deliberate design" to kill his victim and that the court never explained this to him. Jackson also claims that there was no factual basis supporting his guilty plea for murder and for aggravated assault.
¶ 3. Before accepting a guilty plea, the court examines for a factual basis for the crime and that the plea is entered knowingly, intelligently, and voluntarily:
3. Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
4. Advice to the Defendant. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
a. That the accused is competent to understand the nature of the charge;
b. That the accused understands the nature and consequences of the plea ...
c. That the accused understands that by pleading guilty [that he is waiving the rights to a trial].
URCCC. 8.04 A.
¶ 4. At Jackson's plea hearing, the district attorney described what the State would attempt to prove. It would call witnesses who would testify about prior conflicts between Jackson and the victim. There would be evidence that Jackson was waiting for the two soon-to-be victims in an apartment. The State would also attempt to prove that during the confrontation the murder victim was trying to leave the premises and Jackson shot him. Then *710 he shot the other man who was waiting in a car. After this rendition, the court asked Jackson: "Do you agree ... that if the jury ... believed the witnesses and evidence for the State, are you satisfied the State would have enough evidence to prove you guilty?" Jackson response was: "Yes."
¶ 5. The court after questioning Jackson was satisfied that he understood that he was waiving the rights he would have during a trial. Jackson stated that he understood this. There was dialogue between Jackson and the court discussing self-defense. Jackson stated that he thought the murder victim "was going to reach for a weapon and I fired a gun." The court continued:
THE COURT: If you testified to the jury just like you did here today, you'd be entitled for the Court to instruct the jury on self-defense. Do you understand that?
JACKSON: Yes, sir.
THE COURT: And you understand if they did find you were, in fact, acting in self-defense they would find you not guilty. Do you understand that?
JACKSON: Yes, sir.
THE COURT: All right. Now, do you understand by pleading guilty you're waiving those defenses?
JACKSON: Yes, sir.
¶ 6. Even though Jackson raised a possible basis for self-defense, he also acknowledged that he had discussed the possible defense with his attorney and still wished to plead guilty. There was evidence mentioned by the State that the murder victim was walking away from Jackson at the time he was shot. There was sufficient information for the judge to conclude there was a factual basis connecting Jackson to the crime and the prosecution would be able to cause a jury to reach an appropriate verdict of guilt.
¶ 7. Federal rules require a court to use "sound judicial discretion" in accepting or rejecting a guilty plea. Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The Federal Rules of Criminal Procedure state that "[a]ll that is required is that the court be satisfied that there is a factual basis for the plea, and not necessarily that the defendant is guilty." CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE, § 174 at 616 (1982). Those rules are reasonable and consistent with what is required in state practice as well.
¶ 8. The question here was whether Jackson shot with a deliberate design to kill and not in necessary self-defense. His intent can be inferred through his actions. He came to the apartment carrying a gun and shot at the victims. A jury would have been able to infer this intent. There was a factual basis for the judge, within his discretion, to accept the guilty plea.

2. Ineffective assistance of counsel
¶ 9. Jackson next argues that he was denied effective assistance of counsel. He must establish that his attorney's performance was defective, that this prejudiced him, and that the outcome of the proceedings would have been different if not for this deficiency. Strickland v. Washington, 466 U.S. 668, 682, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). Jackson must argue with specificity the behavior of his attorney amounting to "unreasonable legal assistance." Leatherwood, 473 So.2d at 968.
¶ 10. Jackson's petition to enter a plea of guilty stated "I believe that my lawyer has done all that anyone could do to counsel and assist me on this charge. I am satisfied with the advice and help he has *711 given me." During the plea hearing, the judge also questioned Jackson about his attorney:
THE COURT: Has [Mr. Collette] in your opinion done everything as your attorney that he should have done to properly represent you?
JACKSON: Yes, sir.
THE COURT: Is there anything that he's done that you disagree with?
JACKSON: No, sir.
THE COURT: Anything he has not done you believe he should have done?
JACKSON: No, sir.
THE COURT: Are you fully and completely satisfied with the services that he's rendered to you as your attorney?
JACKSON: Yes sir.
¶ 11. Statements made under oath in open court have a strong presumption of truthfulness. Mowdy v. State, 638 So.2d 738, 743 (Miss.1994). Mr. Collette, Jackson's attorney, also signed a certificate stating that in his opinion the plea of guilty was voluntarily and understandingly made. Jackson has not established that he was given ineffective assistance of counsel. Jackson's guilty plea, statements he made during the plea hearing, and his attorney's signed certificate demonstrated that there was, in fact, effective assistance.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
KING, C.J., AND BRIDGES, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.