SUMMARY OF THE CASE ¶ 1. More than ten years ago, Rodney Loron Jones was convicted of armed robbery and sentenced as a habitual offender to a thirty-five-year sentence in the custody of the Mississippi Department of Corrections (MDOC). Nine years later, Jones filed a "motion to set aside sentence" and claimed he was unlawfully sentenced as a habitual offender based on the alleged illegality of one of his prior underlying convictions. The circuit court treated Jones's motion as a petition for post-conviction collateral relief and found that Jones's claim was time-barred. Consequently, the circuit court dismissed Jones's "motion to set aside sentence." Jones now appeals, but we find no error and affirm the judgment of the circuit court.
 FACTS AND PROCEDURAL HISTORY ¶ 2. In October 1991, Jones went before the Lee County Circuit Court and pled guilty to three counts of grand larceny. The circuit court sentenced Jones to five years in the custody of the MDOC. However, the circuit court added the following language to its order:
 The Court recommends the defendant be placed in the [Regimented Inmate Discipline] Program and reserves the right of Judicial Review in 180 days. After completion of [the] program[,] defendant shall be transported to the Greenwood/Leflore Co. Restitution Center. Defendant is ordered to make restitution of $2024.71 to victims in all three Lee County cases and pay costs of court in same.
 ¶ 3. Jones completed the RID program, and in October 1992, he went back before the circuit court. The circuit court found that Jones completed the RID program as ordered and suspended the balance of Jones's sentence. The circuit court also placed Jones on "supervised probation." Jones was transferred to the restitution center. Upon successful completion of the restitution program, Jones was to report back to the circuit court for specific probation terms.
 ¶ 4. Five days later, Jones left the restitution center without permission. Jones did not return to the restitution center. Two months later, officers with the Tupelo Police Department apprehended Jones. Jones went back before the circuit court, where he was sentenced as follows:
 to serve a term of five (5) years in a facility designated by the Mississippi Department of Corrections for the State of Mississippi. Said sentence shall run concurrent with the sentences imposed in [the other two grand larceny convictions]. Said sentence shall begin this date.
 ¶ 5. Approximately three-and-a-half years later, Jones was indicted for armed robbery. The indictment against Jones contained an allegation that Jones was eligible for sentencing as a habitual offender pursuant to Mississippi Code Annotated *Page 795 
section 99-19-81. Jones was later convicted of armed robbery. On November 18, 1997, the Lee County Circuit Court sentenced Jones as a habitual offender to thirty-five years in the custody of the Mississippi Department of Corrections. Jones appealed his conviction, but this Court found no merit to Jones's appeal. Jones v. State, 743 So.2d 415,421 (¶ 25) (Miss.Ct.App. 1999).
 ¶ 6. In April 2007, Jones filed a motion to set aside his thirty-five-year sentence for armed robbery. Jones claimed he was improperly sentenced as a habitual offender because, prior to his armed robbery conviction, he did not serve three sentences for one year or longer. Jones also claimed, incident to his three prior grand larceny convictions, the circuit court improperly placed him on probation because he never signed the probation order. The circuit court correctly treated Jones's motion as a petition for post-conviction collateral relief. The circuit court held that Jones's petition was time-barred and dismissed Jones's petition. Jones appeals.
 STANDARD OF REVIEW ¶ 7. Jones appeals the circuit court's dismissal of his petition for post-conviction collateral relief. In reviewing Jones's issues, we will not reverse the circuit court's findings of fact unless the circuit court's findings were clearly erroneous. Williams v. State, 872 So.2d 711,712 (¶ 2) (Miss.Ct.App. 2004). However, we will review questions of law pursuant to our familiar de novo standard of review. Id.
 ANALYSIS ¶ 8. Jones claims the circuit court erred when it dismissed his petition for post-conviction collateral relief. Jones bases his argument on the premise that his sentence was improperly enhanced because he was not a habitual offender. That is, Jones claims the circuit court improperly placed him on probation because he never signed his probation order. Jones also claims the circuit court improperly revoked his probation.
 ¶ 9. First and foremost, Jones filed his collateral attack on his conviction approximately eight years after his unsuccessful direct appeal. Pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2007), "[a] motion for relief under this article shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi. . . ." This Court ruled on Jones's direct appeal on May 18, 1999. Jones filed his "motion to set aside sentence" on April 19, 2007. It follows that Jones's collateral attack was time-barred.
 ¶ 10. Additionally, Jones's collateral attack was barred for another reason. As noted above, Jones filed an unsuccessful direct appeal. Jones, 743 So.2d at 421 (¶ 25). Pursuant to Mississippi Code Annotated section 99-39-7
(Rev. 2007):
 [w]here the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi, convened for said purpose either in term-time or in vacation, and an order granted allowing the filing of such motion in the trial court.
 ¶ 11. The record presently before us contains no indication that Jones presented his motion to the Mississippi Supreme Court. Likewise, the record contains no order from the supreme court that would have allowed Jones to file his motion in the circuit court. Because Jones's motion was not only time-barred, but procedurally barred as well, we find no error in the *Page 796 
circuit court's judgment dismissing Jones's collateral attack on his conviction.
 ¶ 12. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURTDISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED.ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.