BARNES, J.,
 

 for the Court:
 

 ¶ 1. Carlos F. Jackson appeals the Pearl River County Circuit Court’s summary dismissal of his motion for post-conviction relief. Finding no error, we affirm.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In October 2001, Jackson pleaded guilty to one count of deliberate-design murder and one count of aggravated assault. The circuit court sentenced him to life imprisonment in the custody of the Mississippi Department of Corrections for the murder charge and twenty years for the aggravated assault charge, with the sentences to run consecutively. On May 4, 2004, this Court affirmed the circuit court’s denial of Jackson’s petition for post-conviction relief.
 
 See Jackson v. State,
 
 872 So.2d 708, 711(¶12) (Miss.Ct.App.2004).
 

 ¶ 3. Subsequently, on August 9, 2007, Jackson filed another petition for post-conviction relief, which the circuit court summarily dismissed on the same day because it was time-barred by the three-year statute of limitations, pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev.2007). Jackson then appealed, raising several issues: (1) whether the trial court erred in failing to enter separate judgments of conviction on the multiple-count indictment; (2) whether the trial
 
 *107
 
 court “tricked” him into voluntarily waiving his right to a speedy trial when he entered his guilty plea;
 
 [1]
 
 (3) whether his sentence of life imprisonment for murder is unconstitutional; (4) whether the trial court committed plain error by failing to advise him that he could not appeal his sentence after he pleaded guilty; and (5) whether cumulative error deprived him of a fair trial.
 

 STANDARD OF REVIEW
 

 ¶4. This Court will not disturb a trial court’s dismissal of a motion for post-conviction relief unless the decision is clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). Questions of law are reviewed de novo.
 
 Id.
 

 ANALYSIS
 

 ¶ 5. We find the trial court properly dismissed Jackson’s motion for post-conviction relief.
 

 ¶ 6. First, the trial court dismissed Jackson’s motion for post-conviction relief for untimeliness. Section 99-39-5(2) requires a motion for relief from a guilty plea to be filed “within three (3) years after entry of the judgment of conviction.” The circuit court entered its order of conviction of murder and aggravated assault on October 19, 2001. Jackson filed the instant motion for post-conviction relief on August 9, 2007, nearly six years after his conviction. Clearly, Jackson’s motion is time-barred. Furthermore, as the trial court noted, Jackson’s motion fails to raise any arguments that would except him from the three-year statute of limitations under section 99-39-5(2), which includes:
 

 those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
 

 ¶ 7. Second, we find Jackson’s motion also barred as a successive writ. Mississippi Code Annotated section 99-39-23(6) (Supp.2008) states that “any order dismissing the prisoner’s motion ... is a final judgment.... It shall be a bar to a second or successive motion.... ” This Court affirmed the denial of Jackson’s previous motion for post-conviction relief in May 2004.
 
 Jackson,
 
 872 So.2d at 711(¶ 12). Further, we find that Jackson raises no statutory exceptions under section 99-39-23(6), such as:
 

 an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
 

 
 *108
 
 Accordingly, we find the trial court’s dismissal of Jackson’s motion for post-conviction relief proper.
 

 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON AND MAXWELL, JJ., NOT PARTICIPATING.
 

 [1]
 

 . Jackson also raises an ineffective assistance of counsel claim under this issue.