GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Jeffery D. Cooper appeals the dismissal of his motion for post-conviction collateral relief by the Circuit Court of Chickasaw County. Cooper asserts that: (1) the circuit court erred by reducing his charge from capital murder to murder without a separate indictment; (2) the circuit court sentenced him twice for armed robbery in violation of the Double Jeopardy Clause; and (3) he received ineffective assistance of counsel. We find no error and affirm.
 

 FACTS
 

 ¶2. On June 29, 1993, Cooper was indicted for capital murder. The circuit court later entered an order reducing Cooper’s charge from capital murder to murder. On January 24,1994, Cooper pleaded guilty to murder. That same day, Cooper was arraigned upon information filed by the district attorney charging Cooper with armed robbery. Cooper waived indictment and pleaded guilty to armed robbery.
 

 ¶ 3. Cooper was sentenced to life in the custody of the Mississippi Department of Corrections (MDOC) for the crime of murder. He was further sentenced to twenty years in the custody of the MDOC for the crime of armed robbery. Both sentences were ordered to run consecutively.
 

 
 *676
 
 ¶ 4. Cooper filed a motion for post-conviction collateral relief that was denied on August 12, 1996. The record shows that some years later, Cooper filed certain documents entitled “Application for Out of Time Appeal,” “Notice of Out of Time Appeal,” “Motion to Proceed on Appeal In Forma Pauperis,” and “Designation of Record on Appeal.” In an order entered on October 13, 2003, the circuit court denied the relief requested in these filings because of Cooper’s previous motion for post-conviction collateral relief that was denied on August 12,1996.
 

 ¶ 5. On January 18, 2007, Cooper filed a motion for post-conviction collateral relief. After a hearing, the circuit court dismissed the motion because it was filed subsequent to the three-year statute of limitations and because it was a successive writ. Cooper now appeals the dismissal of his motion.
 

 STANDARD OF REVIEW
 

 ¶ 6. A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed absent a finding that the court’s decision was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 ANALYSIS
 

 Cooper’s motion is banned as untimely and as a successive writ.
 

 ¶ 7. The circuit court properly dismissed Cooper’s motion for post-conviction collateral relief as untimely and as a successive writ. Mississippi Code Annotated section 99-39-5(2) (Rev.2007) provides a prisoner three years in which to make a motion for post-conviction collateral relief. In cases of a guilty plea, the three-year statute of limitations begins to run “after entry of the judgment of conviction.”
 
 Id.
 

 ¶ 8. There are specific exceptions to this time limitation:
 

 Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
 

 Id.
 

 ¶ 9. Cooper pleaded guilty to murder and armed robbery on January 24, 1994. The instant motion for post-conviction collateral relief was not filed until January 18, 2007-well after the three-year statute of limitations had expired. Further, Cooper has not shown that he meets any of the exceptions enumerated in section 99-39-5(2). Thus, the circuit court correctly dismissed the motion as time-barred.
 

 ¶ 10. Mississippi Code Annotated section 99-39-23(6) (Supp.2008) bars successive motions made under the Mississippi Uniform Post-Conviction Collateral Relief Act. There are also exceptions to this bar:
 

 Excepted from this prohibition is a motion filed under Section 99-19-57(2),
 
 *677
 
 raising the issue of the offender’s supervening mental illness before the execution of a sentence of death.... Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
 

 Id.
 

 ¶ 11. Here, Cooper’s first motion for post-conviction collateral relief was denied by the circuit court on August 12, 1996. Because he fails to show that he fits one of the exceptions listed in section 99-39-23(6), his subsequent motion is barred as a successive writ.
 

 ¶ 12. Cooper argues that the procedural bars should be waived by this Court because his fundamental rights are implicated. However, there is no merit to his claim that his fundamental rights have been violated. The record clearly shows that the circuit judge entered an agreed order reducing his charge from capital murder to murder. The circuit court did not sentence him twice for armed robbery — he received a life sentence for murder and a sentence of twenty years for armed robbery. Further, his claims of ineffective assistance of counsel stem from his erroneous allegations that he was never properly indicted and that he is serving an illegal sentence. Accordingly, the circuit court’s dismissal of Cooper’s motion for post-conviction collateral relief is affirmed.
 

 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.