CARLTON, J.,
for the Court.
¶ 1. On July 24, 2008, the circuit court dismissed Johnnie Swans’s motion for post-conviction relief as time-barred. Swans appeals. Finding no error, we affirm the circuit court’s dismissal.
FACTS AND PROCEDURAL HISTORY
¶ 2. On November 23, 2004, Swans pled guilty to murder committed with deliberate design pursuant to Mississippi Code Annotated section 97 — 3—19(l)(a) (Rev. 2006). Also, on November 23, 2004, the circuit court entered Swans’s guilty plea and sentenced him to life imprisonment in the custody of the Mississippi Department of Corrections pursuant to Mississippi Code Annotated section 97-3-21 (Rev. 2006). On March 13, 2008, Swans signed his motion for post-conviction relief, and the circuit court filed Swans’s motion on March 17, 2008. In his motion for post-conviction relief, Swans alleged that: (1) he did not voluntarily plead guilty to murder, and (2) he merited a parole-eligibility date. The circuit court dismissed Swans’s motion as procedurally time-barred pursuant to the three-year statute of limitations provided in Mississippi Code Annotated section 99-39-5(2) (Rev.2007).[1] Swans appeals the circuit court’s dismissal of his motion for post-conviction relief.
STANDARD OF REVIEW
¶ 3. We will not disturb a trial court’s dismissal of a motion for post-conviction relief unless the trial court made clearly erroneous findings. Williams v. Stale, 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). We review questions of law de novo. Id. WHETHER SWANS’S MOTION FOR POST-CONVICTION RELIEF IS TIME-BARRED.
¶ 4. In the case of a guilty plea, a motion for post-conviction relief must be filed within three years after the circuit court enters the judgment of conviction. Miss. Code Ann. § 99-39-5(2). “Excepted from [the] three-year statute of limitations are those cases in which the [petitioner] can demonstrate” the following:
[T]hat there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise *575 excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

Id.

¶ 5. From the record before us, we find that no statutory exception under section 99-39-5(2) applies to Swans’s case. Therefore, we affirm the circuit court’s dismissal of Swans’s motion for post-conviction relief pursuant to the three-year statute of limitations provided in section 99-39-5(2).
¶ 6. THE JUDGMENT OF THE YA-ZOO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
KING, C.J, LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR.

. The Mississippi Legislature amended section 99-39-5(2) on March 16, 2009. See 2009 Miss. S.B. 2709. However, the 2009 amendments to section 99-39-5(2) do not apply in this case.