BARNES, J.,
for the Court.
¶ 1. Frank Aguirre, appearing pro se, appeals the Circuit Court of Oktibbeha County’s dismissal of his motion for post-conviction relief. Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. In January 2007, an Oktibbeha County grand jury indicted Aguirre for attempting to coerce a person, who was a law enforcement officer posing as a fourteen-year-old girl, over the Internet and via text message, to meet with him in order to engage in sexually explicit conduct. After sexually explicit communications between Aguirre and the person, he arranged a meeting and went to the site of the meeting on the day it was to take place. He was subsequently arrested. In April 2007, Aguirre pleaded guilty to attempted exploitation of a child in violation of Mississippi Code Annotated section 97-5-33(6) (Rev.2006). The circuit court sentenced him to five years in the custody of the Mississippi Department of Corrections (MDOC) and five years of post-release supervision. Aguirre was also ordered to pay a $50,000 fine. Both the imprisonment and fine were the minimum penalties allowed under Mississippi Code Annotated section 97-5-35 (Rev.2006).
¶ 3. Aguirre, appearing pro se, filed a number of documents with the. circuit court contesting his guilty plea and sentence, many of which made the same arguments. First, in July 2007, Aguirre sent a sworn letter to circuit Judge Lee Howard requesting a modification or reduction in his sentence. Aguirre argued his guilty plea was based on his belief that he would receive the minimum sentence because he was a first-time offender. On August 1, 2007, the circuit court, considering the letter a motion for post-conviction relief, found it without merit and summarily dismissed it without a hearing.
¶ 4. On August 16, 2007, Aguirre filed another sworn letter to Judge Howard regarding clarification of his sentence. On October 18, 2007, the circuit court dismissed the “Motion to Clarify Sentence.” *1104 The same day, Aguirre filed a sworn form-style “Motion for PosNConviction Collateral Relief’ with the circuit court.[1] Aguirre mailed the motion to the clerk of the circuit court, not the trial judge or district attorney. Also on October 18, Aguirre mailed a sworn motion for an evi-dentiary hearing to the prosecutor of Ok-tibbeha County.[2]
¶ 5. In November 2007, Aguirre filed a sworn motion to reconsider his motion for post-conviction relief of October 2007. He claimed the defense of entrapment and the imposition of an excessive fine. On February 7, 2008, the circuit court dismissed Aguirre’s “Motion for Post-Conviction Collateral Relief,” ruling that Aguirre had waived the defense of entrapment when he pleaded guilty and that the fine was within the court’s discretion. On February 18, 2008, Aguirre filed yet another sworn letter in the circuit court asking Judge Howard to reconsider his sentence. In April 2008, the circuit court dismissed the “Motion to Reconsider Sentence” because it no longer retained jurisdiction over Aguirre since he was sentenced during a previous term of court.
¶ 6. On October 21, 2008, Aguirre filed a sworn motion to withdraw his guilty plea, arguing it was involuntary and unintelligent. He also claimed his counsel was ineffective and his sentence was excessive. On November 3, 2008, the circuit court dismissed the “Motion for Post-Conviction Collateral Relief’ without the necessity of a hearing. Aguirre appeals this judgment.
STANDARD OF REVIEW
¶ 7. This Court will not disturb a trial court’s dismissal of a motion for post-conviction relief unless the decision is clearly erroneous. Williams v. State, 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). Questions of law are reviewed de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
ANALYSIS
¶ 8. Aguirre filed six documents that could be considered motions for post-conviction relief. After the dismissal of the first motion, on August 1, 2007, Aguirre did not appeal; nor did he appeal the circuit court’s subsequent orders of October 18, 2007; February 7, 2008; and April 30, 2008.
¶ 9. Aguirre appealed the judgment related to his last motion of October 21, 2008. We find that motion barred as a successive writ, pursuant to Mississippi Code Annotated section 99-39-23(6) (Supp.2009), which states: “any order dismissing the prisoner’s motion ... is a final judgment. ... It shall be a bar to a second or successive motion.... ” Aguirre did not appeal the dismissal of his first motion, and the thirty-day deadline for him to appeal, which is calculated from the date of the entry of the judgment on August 1, 2007, pursuant to Mississippi Rule of Appellate Procedure 4(a), has long since passed. Further, Aguirre raises no statutory exceptions to the successive-motion prohibition, as authorized by section 99-39-23(6) of the Mississippi Code.
¶ 10. Accordingly, we find the circuit court’s dismissal of Aguirre’s motion for post-conviction relief proper.
*1105 ¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT.

. Aguirre mistakenly filed this motion under his criminal case cause number, not his civil case cause number.

. Aguirre also filed this motion under his criminal case cause number. Additionally, due to a clerical error, two civil case files for Aguirre had been created by the circuit court; therefore, on October 23, 2007, the circuit court consolidated the two post-conviction files into one file.