MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. Emma Hannah appeals the dismissal of her second motion for post-conviction relief (PCR). In 2002, during the course of her murder trial, she pled guilty to the lesser offense of manslaughter. Though her 2009 PCR motion is based in part on a claim of “newly discovered evidence,” we find she simply recasts allegations asserted in a prior PCR motion. Thus, the newly-discovered-evidence exception to the three-year statute of limitations does not apply. Aside from the untimeliness of her present PCR motion, we further find no ineffective assistance of counsel nor involuntariness on Hannah’s part in withdrawing her 2003 PCR motion. For these reasons, we affirm the dismissal of her 2009 PCR motion.
 

 PROCEDURAL HISTORY
 

 ¶ 2. In 2001, the State charged Hannah with murdering her husband Winfred Hannah by pouring a pot of boiling water on him while he slept. After the State’s first witness testified at trial, Hannah decided to plead guilty to the lesser offense of manslaughter in December 2002. The Winston County Circuit Court accepted her guilty plea and sentenced her to twenty years in the custody of the Mississippi Department of Corrections.
 

 ¶ 3. Hannah filed her first PCR motion in 2003, which the circuit court denied. The Mississippi Supreme Court reversed the denial and remanded the matter to the circuit court for an evidentiary hearing on the issues of (1) ineffective assistance of counsel and (2) the voluntariness of her plea.
 
 Hannah v. State,
 
 943 So.2d 20, 27 (¶ 20) (Miss.2006). At the December 2006 evidentiary hearing, the circuit court heard testimony from Hannah’s trial attorney and held that Hannah had received effective counsel in 2002. However, before the circuit court addressed the voluntariness of her guilty plea, Hannah -withdrew her PCR motion and requested to return to prison. The circuit court conducted a
 
 *656
 
 hearing on her decision to withdraw her PCR motion. The circuit judge questioned Hannah, who testified under oath, as well as her family members and her attorney. Satisfied he was complying with Hannah’s wishes, the circuit judge granted Hannah’s withdrawal of her PCR motion and returned Hannah to the custody of MDOC to serve the remainder of her manslaughter sentence.
 

 ¶ 4. Two-and-a-half years later, Hannah filed this second PCR motion. She claimed: (1) there was newly discovered evidence; (2) her lawyer at the 2006 evi-dentiary hearing was ineffective; and (3) her withdrawal of her first PCR motion was involuntary. The circuit judge found the evidence Hannah deemed newly discovered had already been presented, could have been presented, or was already within Hannah’s knowledge during prior proceedings. He also noted his previous 2007 order where he found Hannah, while represented by counsel, had freely and voluntarily withdrawn her first PCR motion. Therefore, he dismissed Hannah’s motion as successive under Mississippi Code Annotated section 99-39-23(6) (Supp.2009) and time-barred under section 99-39-5 (Supp.2009).
 

 ¶ 5. The circuit judge further found Hannah’s motion was frivolous and failed to state a claim for which relief can be granted. He imposed sanctions under Mississippi Code Annotated section 47-5-138 (Supp.2009). As the first “final order” issued against her, Hannah lost sixty days of earned time. Miss.Code Ann. § 47-5-138(3)(a) & (b)(i).
 
 [1]
 
 On appeal, Hannah does not contest the imposition of sanctions.
 

 DISCUSSION
 

 ¶ 6. We review the dismissal of a PCR motion under an abuse-of-discretion standard.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). We will not overturn a trial court’s denial of post-conviction relief unless its factual findings are clearly erroneous.
 
 Id.
 
 If questions of law are raised on appeal, our standard of review is de novo.
 
 Id.
 

 A. Newly Discovered Evidence
 

 ¶ 7. Hannah filed her second PCR motion more than six years after her 2002 guilty plea. Mississippi’s Uniform Post-Conviction Collateral Relief Act bars motions filed more than three years after the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2). But an exception applies when a petitioner presents “evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence[.]” Miss.Code Ann. § 99-39-5(2)(a)(i).
 

 ¶ 8. Hannah titled her second motion: “Motion for Post-Conviction Collateral Relief-Newly Discovered Evidence.” Her allegedly “new” evidence included Winfred’s medical records, a 911 tape, and the testimony of Winfred’s mother and sister. However, she had already presented this evidence in her first PCR motion.
 
 See Hannah,
 
 943 So.2d at 32-35 (¶ ¶ 39-48) (Smith, C.J., dissenting) (discussing Hannah’s factual allegations). Because we find Hannah presented no newly discovered ev
 
 *657
 
 idence, let alone evidence not reasonably discoverable in 2002 nor practically conclusive of her innocence,
 
 [2]
 
 we affirm the circuit court’s ruling that section 99-39-5(2) bars Hannah’s untimely filed motion.
 

 B. The Claims of Ineffective Assistance of Counsel and Plea Involuntariness
 

 ¶ 9. Despite the procedural bar, we also find no merit to her 2009 PCR motion. Hannah’s second PCR motion claims ineffective assistance of counsel, not at her 2002 trial, but at her 2006 evidentia-ry hearing. She also claims her decision to withdraw her first PCR motion before the circuit court ruled on the voluntariness of her 2002 guilty plea was itself involuntary.
 

 ¶ 10. To establish an ineffective-assistance-of-counsel claim, Hannah must demonstrate: (1) her attorney’s performance was deficient, and (2) this deficiency deprived her of a fair trial.
 
 Beene v. State,
 
 910 So.2d 1152, 1155 (¶ 10) (Miss.Ct.App.2005) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We are instructed to assess the totality of the circumstances in determining whether counsel’s assistance was effective.
 
 Wiley v. State,
 
 750 So.2d 1193, 1199 (¶ 11) (Miss.1999).
 

 ¶ 11. Hannah withdrew her first PCR motion after the circuit court found Hannah’s 2002 Mai attorney had acted reasonably by advising her to plead guilty to manslaughter to avoid a potential life sentence for murder. Hannah does not contest this finding. In rejecting her 2009 PCR motion, the circuit court similarly found Hannah’s lawyer at her 2006 eviden-tiary hearing had reasonably advised her to withdraw her PCR motion to avoid a murder trial.
 

 ¶ 12. We point out that before granting her requested withdrawal, the circuit court carefully advised Hannah of the consequence of a successful PCR motion-a new trial on the murder charge with a potential life sentence. The circuit judge also informed her that if she withdrew her 2003 PCR motion she would return to prison to serve the remainder of her twenty-year manslaughter sentence.
 

 ¶ 13. It has long been held that “[s]ol-emn declarations in open court carry a strong presumption of verity.”
 
 Baker v. State,
 
 358 So.2d 401, 403 (Miss.1978). Before the circuit court permitted Hannah to withdraw her PCR motion, he questioned her under oath about her decision to withdraw the motion. In response to pointed inquiries from the court, Hannah testified she was satisfied with her current counsel and wished to withdraw her PCR motion and serve her manslaughter sentence. The record indicates her attorney’s and family members’ responses to questions from the court corroborate Hannah’s withdrawal was voluntary.
 

 ¶ 14. Based on Hannah’s sworn testimony that it was her wish to withdraw her first PCR motion, we find Hannah’s withdrawal of her PCR motion was voluntary. We also find her attorney’s advice to withdraw her attack on the manslaughter plea certainly falls within the wide range of reasonable professional assistance.
 

 CONCLUSION
 

 ¶ 15. For the reasons stated, we affirm the dismissal of Hannah’s 2009 PCR motion.
 

 ¶ 16. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR
 
 *658
 
 POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . Section 47-5-138(3)(a) defines a "final order” as "an order of a state or federal court that dismisses a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections as frivolous, malicious or for failure to state a claim upon which relief could be granted.” Section 47-5 — 138(3)(b)(i) directs: "On receipt of a final order, the department shall forfeit: (i) Sixty (60) days of an inmate’s accrued earned time if the department has received one (1) final order as defined herein....”
 

 [2]
 

 . Because there was no "newly discovered evidence,” we do not address whether her guilty plea waived all evidentiary-based claims.