BARNES, J.,
 

 for the Court:
 

 ¶ 1. Christopher Thomas, appearing pro se, appeals the Circuit Court of Panola County’s dismissal of his motion for post-conviction relief. Finding no error, we affirm.
 

 STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In April 2005, a grand jury in Pano-la County returned a two-count indictment against Thomas for possession of cocaine (more than 1/10 gram but less than two grams) and sale of cocaine. In January 2007, Thomas pleaded guilty to the Count I possession charge. Thomas acknowledged at his plea hearing that there was discussion about recommending him for drug court. The case was reassigned from Judge Andrew Baker to Judge Ann Lamar, who supervised the drug court, and the circuit court withheld adjudication of Thomas’s guilt if he successfully completed certain conditions for five years. Thomas was then placed in the drug court program. The court entered an order explaining some of Thomas’s obligations in the program, such as regularly reporting to the assigned judge on a weekly basis, not violating any laws, abstaining from alcohol or controlled substances, and submitting to alcohol and drug testing. At a sentencing hearing before Judge Lamar, Thomas affirmed that he wanted to participate in the drug court program. The judge explained to him that basically he would be in a “probationary state” for approximately five years, and one of the conditions of his continued probation and freedom from incarceration was successful completion of the drug court program. She also explained that if Thomas did not successfully complete the terms of the program, he would be discharged from drug court and would receive the maximum sen
 
 *343
 
 tence of eight years in the custody of the Mississippi Department of Corrections (MDOC). Thomas stated that he understood.
 

 ¶ 3. In January 2008, the State filed a petition for adjudication of guilt and sentencing because Thomas had violated the non-adjudication order by failing to comply with the terms of the drug court program. Specifically, in December 2007, he committed the crime of possession of approximately nine grams of cocaine. At his revocation hearing in March 2008, testimony was also presented that from June until November 2007, Thomas had violated other conditions of the program, such as testing positive for cocaine, failing an alcohol test, missing a drug test and several meetings related to the drug court program, and violating a curfew. Accordingly, the circuit court sentenced Thomas to serve eight years in the custody of the MDOC.
 

 ¶ 4. In May 2009, Thomas filed a motion for post-conviction relief, claiming that his guilty plea and sentence were “improper,” and he received ineffective assistance of counsel. Thomas claimed that his counsel did not tell him that if he failed the drug court program he would receive the maximum sentence of eight years. The circuit court dismissed Thomas’s motion, and he timely appealed.
 

 STANDARD OF REVIEW
 

 ¶ 5. In reviewing a circuit court’s dismissal of a motion for post-conviction relief, this Court will not disturb the court’s factual decisions unless they are clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). Questions of law are reviewed de novo.
 
 Id.
 
 Moreover, the circuit court may dismiss a motion for post-conviction relief “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief....” Miss.Code Ann. § 99-39-11(2) (Supp.2010).
 

 ANALYSIS
 

 1. Guilty Plea
 

 ¶ 6. Thomas claims his guilty plea was involuntary. He modifies his argument slightly on appeal. Before the circuit court, Thomas argued that his trial counsel failed to inform him that he would receive the maximum sentence of eight years for violating the order of the drug court, but now he argues that the circuit court failed to explain the terms of the recommendation for drug court before he pleaded guilty. Neither argument has merit.
 

 ¶ 7. A guilty plea will be found valid if it is voluntarily and intelligently made by the defendant before the trial court.
 
 Burrough v. State,
 
 9 So.3d 368, 373 (¶ 11) (Miss.2009). A plea is voluntarily and intelligently given if the trial court advises “the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea.”
 
 Id.
 
 (citing
 
 Harris v. State,
 
 806 So.2d 1127, 1130 (¶ 9) (Miss.2002)). However, “[a] plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements.” URCCC 8.04(A)(3). Moreover, “solemn declarations made in open court” carry a “strong presumption of validity.”
 
 Hannah v. State,
 
 943 So.2d 20, 25 (¶ 11) (Miss.2006) (citing
 
 Baker v. State,
 
 358 So.2d 401, 403 (Miss.1978)). The burden of proof is on the petitioner to prove his plea is invalid.
 
 Id.
 
 (citing
 
 Gardner v. State,
 
 531 So.2d 805, 810 (Miss.1988)).
 

 ¶ 8. At Thomas’s initial guilty plea hearing in January 2007, Thomas denied being coerced or promised anything of value to plead guilty. Judge Baker also asked: “I understand there’s been discussion about recommending you for drug court?”
 
 *344
 
 Thomas responded affirmatively, and the judge withheld adjudication of guilt, and Thomas’s case was transferred to Judge Lamar to consider Thomas for the drug court program. Judge Baker clearly explained that if Thomas were convicted for the crime charged, the minimum and maximum sentences were not less than two and no more than eight years’ imprisonment. Further, Thomas signed a petition to enter a guilty plea stating that the maximum sentence for the crime charged was eight years’ imprisonment.
 

 ¶9. In his motion for post-conviction relief, Thomas claims that the circuit court changed the wording in his plea petition after the plea hearing without his knowledge. However, the circuit court found “unimpeachable documentary evidence in the record” to the contrary; thus, it concluded that Thomas’s claims were a “sham.” We agree and find no evidence in the record to support Thomas’s claim. Moreover, the transcript of Thomas’s sentencing hearing in March 2007 before Judge Lamar shows he was fully informed and aware of what was involved in the drug court program, and he accepted its terms and obligations. The record reflects:
 

 THE COURT: The file also reflects that you have requested to be considered for placement in our drug court program. Is that right?
 

 THE DEFENDANT: Yes, ma’am.
 

 THE COURT: And you have met with drug court officers and they’ve explained the program to you?
 

 THE DEFENDANT: Yes, ma’am.
 

 THE COURT: Do you think you can do it?
 

 THE DEFENDANT: Yes, ma’am.
 

 THE COURT: Do you want to do it? That’s the question.
 

 THE DEFENDANT: Yes, I want to get started back with my life.
 

 THE COURT: I understand that you have been evaluated and assessed and they believe you do qualify for the drug court program and that you can do what is required of you, Mr. Thomas.... One of the conditions of ... your freedom is your successful completion of the drug court program. Do you understand that?
 

 THE DEFENDANT: Yes, ma’am.
 

 THE COURT: So you need to understand there’s a lot expected of you. You will complete everything that’s expected of you if you’re going to stay in the drug court program. If you don’t complete the drug court program successfully, you will be placed back on my trial docket and at that time we’ll proceed with sentencing and I’ll sentence you to the eight years that you could have gotten for this count. Do you understand that?
 

 THE DEFENDANT: Yes, ma’am.
 

 Judge Lamar went on to explain some of the specific obligations of the drug court program to Thomas.
 

 ¶ 10. While the transcript of Thomas’s initial plea hearing does not show that he was informed of all the details of the drug court program at that hearing, he certainly was informed at his sentencing hearing before Judge Lamar. At any time during the hearing before Judge Lamar, Thomas could have declined to accept the terms of the drug court program and accepted an adjudication of guilt. According to the record, the circuit court made clear to Thomas that he could receive a maximum of eight years’ imprisonment for the charge if he was adjudicated guilty, whether through a guilty plea or violation of the drug court program. There is no indication in the record that Thomas was misin
 
 *345
 
 formed about the implications of his guilty plea or agreement to enter the drug court program.
 

 2. Ineffective Assistance of Counsel
 

 ¶ 11. Thomas also claims his trial counsel was ineffective. To demonstrate ineffective assistance of counsel, the defendant must show that counsel’s performance was deficient, and this deficiency prejudiced the defense.
 
 Liddell v. State,
 
 7 So.3d 217, 219 (¶ 6) (Miss.2009) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In the context of a guilty plea, “the focus of the first prong [of
 
 Strickland
 
 ] is the same, while the second prong focuses on whether counsel’s unprofessional performance affected the outcome.”
 
 Hannah,
 
 948 So.2d at 24 (¶ 7). There is “a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance_”
 
 Liddell,
 
 7 So.3d at 219 (¶ 6) (quoting
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052).
 

 ¶ 12. Thomas first complains that his counsel failed to address his motion to dismiss and motion for a speedy trial violation during his plea hearing. This is simply not the case. At the end of the hearing, Thomas’s counsel specifically addressed these motions, stating:
 

 [DEFENSE COUNSEL]: Mr. Thomas, as you know, I had filed a Motion to Dismiss the charge that you have offered a plea of guilty to this morning. Now, I believe I advised you earlier and correct me if I’m wrong, that by offering your plea of guilty today you are giving up that motion or waiving it. Do you understand that?
 

 THE DEFENDANT: Yes, sir.
 

 ¶ 13. Next, overlapping the first issue, Thomas contends that his counsel deceived him into believing that his best option was a guilty plea and misinformed him about the terms of the recommendation and his possible sentence if he violated the drug court program. Further, Thomas argues that he did not want to attend the drug court program when he found out its “true terms.” However, he admits that he agreed with the terms of drug court program out of fear of going to prison, but he claims this fear was instilled into him by his trial counsel.
 

 ¶ 14. We find no merit to Thomas’s contentions. During his plea hearing, Thomas stated that he was satisfied with his attorney’s performance. He presents no evidence other than his own sworn motion for post-conviction relief to support his claims. “Post-conviction claims of ineffective assistance are properly dismissed where the defendant offers only his affidavit in support of his allegations.”
 
 Ealey v. State,
 
 967 So.2d 685, 691 (¶ IS) (Miss.Ct.App.2007) (citing
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995)). Moreover, it was not ineffective assistance for defense counsel to recommend to Thomas that he plead guilty. “If the attorney believes that it is in his client’s best interest to plead guilty, it is his duty to inform him of that fact.”
 
 Robinson v. State,
 
 964 So.2d 609, 612 (¶ 8) (Miss.Ct. App.2007). Thomas was fully informed by his trial counsel of his options and their effects. Although Thomas did state at his revocation hearing that he had no longer wanted to participate in drug court once he was in the program, Thomas’s counsel properly informed him that if that were the case, he would be sentenced to prison since he had pleaded guilty. Therefore, the circuit court properly found Thomas had not proven ineffective assistance of counsel. This issue is without merit.
 

 3. Exhibits
 

 ¶ 15. Thomas’s final argument is that the circuit court improperly dismissed his
 
 *346
 
 motion for lack of “exhibits.” He states he attached a copy of his plea petition in order to prove to this Court that he was misinformed. It is unclear what Thomas is arguing in this issue. The circuit court did not dismiss Thomas’s motion for lack of exhibits; however, it did find no merit to his ineffective-assistance claim because Thomas did not attach any affidavits in support of his motion. As discussed earlier, this ruling is without error. Further, Thomas’s plea petition does not show he was misinformed about his sentence. This issue is without merit.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. RUSSELL, J., NOT PARTICIPATING.