FAIR, J.,
for the Court:
¶ 1. Coby 0. Cook filed his second petition for post-conviction collateral relief in the Webster County Circuit Court. The circuit court dismissed the petition, finding it was procedurally barred as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp.2012). We find no error and affirm.
FACTS
¶ 2. Cook was indicted for two counts of armed robbery and one count of burglary of a dwelling. During his guilty-plea hearing on June 20, 2011, Cook stated that he no longer wanted to be represented by his court-appointed defense attorney. The trial court explained to Cook that he could either proceed with his court-appointed counsel, hire private counsel, or represent himself.
¶ 3. Cook requested a continuance, stating that his family was coming up with the money to hire private counsel. Cook’s request was denied. The trial court reasoned that it was unrealistic that Cook’s family would provide funds for private counsel, since they had not come up with the funds in the past six months. After the trial court again informed Cook of his choice to either proceed with his appointed counsel or continue pro se, Cook stated that he would represent himself.
¶ 4. Based on Cook’s request, the trial court the conducted an on-the-record examination to determine whether Cook knowingly and voluntarily desired to represent himself. The trial court allowed Cook to continue pro se but kept Cook’s dismissed attorney in the courtroom as standby counsel. Ultimately, Cook pled guilty to the one count of armed robbery in exchange for the State’s recommendation to dismiss the second count of armed robbery and the count of burglary of a dwelling. Cook was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections.
¶ 5. Cook filed a petition for post-conviction relief, stating his counsel was ineffective. The trial court denied his petition on February 8, 2012. Cook then filed a second petition for post-conviction relief in the trial court on the same grounds, and that petition was dismissed on August 6, 2012 as a successive writ. Cook now appeals that decision.
STANDARD OF REVIEW
¶ 6. When reviewing a trial court’s decision to dismiss a PCR petition, this Court will not disturb the trial court’s factual findings unless we find them to be *100 clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). This Court employs a de novo review when reviewing questions of law. Id.
DISCUSSION
¶ 7. Under Mississippi Code Annotated section 99-39-23(6) (Supp.2012), a petitioner is prohibited from filing successive petitions for post-conviction relief. Section 99-39-23(6) further provides that “any order dismissing the petitioner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” The trial court denied Cook’s first petition for post-conviction relief on February 8, 2012. Therefore, the trial court properly dismissed the second petition for post-conviction relief as successive-writ barred.
¶ 8. Notwithstanding the fact Cook’s second petition for post-conviction relief was properly dismissed as successive-writ barred, Cook’s ineffective-assistance claim is without merit. Cook made a knowing, voluntary, and intelligent decision to dismiss counsel and proceed pro se at the guilty-plea hearing. “[WJhere a defendant declines appointed counsel and proceeds to represent himself with appointed counsel only standing by to provide assistance if called uponf,] ... the defendant will not be heard to complain on appeal of ineffective assistance of counsel.” Jackson v. State, 1 So.3d 921, 926 (¶ 10) (Miss.Ct.App.2008) (citation omitted).
CONCLUSION
¶ 9. We find that the trial court properly dismissed Cook’s second petition for post-conviction relief.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF WEBSTER COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WEBSTER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.