JAMES, J.,
for the Court:
¶ 1. Darrin Moffite (pro se) appeals the order of the Lauderdale County Circuit Court denying his motion for post-conviction relief (PCR). On appeal, Moffite raises the following issues: (1) whether the trial court erred in enhancing his charge from possession of 2.44 grams of cocaine to possession of cocaine “with intent,” and (2) whether the trial court erred in revoking his post-release supervision (PRS) and imposing the suspended portion of his sentence. We find no reversible error and affirm. However, we remand for the trial court to correct the scrivener’s error in the judgment of revocation.
FACTS AND PROCEDURAL HISTORY
¶ 2. Moffite was indicted for possession of cocaine with intent to distribute, as a habitual offender. On May 28, 2003, Mof-fite pled guilty to possession of 2.44 grams of cocaine with an enhanced penalty based on prior drug convictions. Moffite was sentenced to serve a term of twenty-seven years in the custody of the Mississippi Department of Corrections (MDOC). Twenty-two years of that sentence were suspended pending successful completion of five years of PRS. Moffite was also ordered to pay $5,548 in fines and fees. After serving five years in the custody of MDOC, Moffite was released on PRS. On July 23, 2009, Moffite entered into a restitution-center program, which allowed him to work to pay off his outstanding fines and fees.
¶ 3. After Moffite failed three drug and alcohol tests, an MDOC field officer filed a petition to have Moffite’s PRS revoked. A hearing was held on April 6, 2010. The trial court determined that Moffite had failed to abide by the terms of his PRS agreement, and revoked the suspended portion of Moffite’s sentence. Moffite was sentenced to serve fifteen of the twenty-two years remaining on his sentence in the custody of MDOC. On June 28, 2011, Mof-fite filed a PCR motion, arguing his PRS was unlawfully revoked. Specifically, Mof-fite claimed that, based on the terms of his plea agreement, the trial court was only allowed to impose the PRS portion of his sentence for any violation, which was five years. The trial court denied the motion. Moffite now appeals to this Court.
STANDARD OF REVIEW
¶ 4. We will not reverse a circuit court’s dismissal of a PCR motion unless the circuit court’s findings are clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). For issues involving questions of law, the applicable standard of review is de novo. Id. (citing Pace v. State, 770 So.2d 1052, 1053 (¶ 4) (Miss.Ct.App.2000)).
DISCUSSION
I. Whether the trial court erred in finding that Moffite pled guilty to possession of cocaine with intent.
¶ 5. Moffite argues that the trial court committed plain error at the revocation hearing by enhancing his charge from possession of cocaine to possession of cocaine with intent. Following the revocation hearing, the trial court entered an *229 order revoking Moffite’s PRS, which listed “possession of cocaine with intent” as the crime to which Moffite pled guilty. However, Moffite pled guilty to possession of 2.44 grams of cocaine with an enhancement for a prior drug conviction, and the trial court entered an order accepting his plea. In its brief, the State submits that this was indeed error, as Moffite’s plea agreement and the plea-hearing transcript both reflect that Moffite pled guilty to possession of 2.44 grams of cocaine with an enhancement for a prior drug conviction. It appears that crime listed in the revocation order is a clerical error. “Courts of record have inherent power to correct clerical errors in criminal prosecutions and civil cases.” Melton v. State, 950 So.2d 1067, 1073 (¶ 24) (Miss.Ct.App.2007) (citing Kitchens v. State, 253 Miss. 734, 179 So.2d 13, 14 (1965)). Therefore, we remand to allow the trial court to correct the clerical error in the order revoking Moffite’s PRS.
II. Whether the trial court erred in revoking Moffite’s post-release supervision and imposing a portion of his suspended sentence.
¶ 6. Moffite argues that the trial court was without authority to revoke the suspended portion of his sentence after having found that Moffite violated the terms of his PRS. Moffite claims that upon revoking his PRS, the trial court unlawfully imposed the suspended portion of his sentence. Moffite misinterprets a provision of the trial court’s order accepting his guilty plea and imposing his sentence, which reads, “Failure to abide by any one of these conditions is sufficient to revoke the post-release supervision portion of this order.” Because Moffite was sentenced to five years of PRS, it is his contention that five years is the maximum sentence the trial court was allowed to impose upon revocation. Moffite is mistaken in this regard. The suspension of twenty-two years of Moffite’s sentence was contingent upon successful completion of a restitution-center program as part of his post-release supervision. Moffite failed to abide by the terms and conditions of his PRS by testing positive for drugs and alcohol on three separate occasions. Mississippi Code Annotated section 47-7-34(2) (Rev.2011), which governs the trial court’s termination of PRS, provides:
The period of post-release supervision shall be conducted in the same manner as a like period of supervised probation, including a requirement that the defendant shall abide by any terms and conditions as the court may establish. Failure to successfully abide by the terms and conditions shall be grounds to terminate the period of post-release supervision and to recommit the defendant.... Procedures for termination and recom-mitment shall be conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence.
¶ 7. “[W]hen a defendant is found to have violated the terms of his probation, the court has the power to impose any sentence which would have been originally imposed.” Brunson v. State, 796 So.2d 284, 287 (¶ 10) (Miss.Ct.App.2001) (quoting Johnson v. State, 753 So.2d 449, 455 (¶ 15) (Miss.Ct.App.1999)). Further, “[t]he [trial] court may not impose a sentence greater than the original sentence, but can sentence the defendant to the full original sentence if it deems such an action necessary.” Id. at (¶ 14) (emphasis added) (citing Johnson, 753 So.2d at 455 (¶ 15)). Moffite was originally sentenced to serve a term of twenty-seven years. Upon revocation of Moffite’s PRS, the trial court sentenced him to serve fifteen years. The trial court did not impose a greater sentence than that originally imposed. In fact, the court declined to impose the full *230 suspended portion of Moffite’s sentence, which was twenty-two years. We find that the court was within its authority to revoke Moffite’s PRS and impose a fifteen-year sentence. This issue is without merit.
¶ 8. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. THIS CASE IS REMANDED FOR THE CORRECTION OF THE SCRIVENER’S ERROR IN THE ORDER OF REVOCATION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND FAR, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.