FAIR, J.,
for the Court:
¶ 1. On July 21, 2008, Andre Davis pled guilty to capital murder. Davis was sentenced as an habitual offender to life imprisonment without the possibility of parole pursuant to Mississippi Code Annotated sections 97-3-21 (Rev. 2006) and 99-19-83 (Rev. 2007). Davis retained counsel for his post-conviction-relief (PCR) petition, which was dismissed. Over three years later, Davis filed a pro se motion to vacate the previous order and to be allowed additional time to comply with Mississippi Code Annotated section 99-39-9(3) (Supp.2013). Davis alternatively sought additional time to file another PCR petition. The court denied the motion and stated that Davis did not need the court’s permission to file another petition. We find no abuse of discretion in the circuit court’s decision. Therefore, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Davis was indicted for capital murder on January 23, 2006. At Davis’s plea hearing, the State said it would seek the death penalty if the case went to trial. Davis’s attorney negotiated an Alford[1] plea to capital murder. After confirming Davis understood his rights, the circuit *1035 judge accepted Davis’s Alford plea and sentenced him to life imprisonment without the possibility of parole.
¶ 3. Davis’s counsel filed a PCR petition on July 17, 2009, asserting nearly every ground for relief under Mississippi Code Annotated section 99-39-5 (Supp.2013), including that his plea was involuntary. Davis’s counsel attached a copy of an un-sworn affidavit to the petition. On the last page of the affidavit, there was a handwritten note that said the original affidavit had been mailed to Davis at Hardeman County Correctional Facility in Tennessee.[2] The court did not receive a sworn affidavit from Davis as required by Mississippi Code Annotated section 99-39-9(3). Nevertheless, the court addressed the merits of Davis’s claim. The court dismissed the petition on April 19, 2010. On August 8, 2011, Davis filed a delayed notice of appeal. The circuit court denied Davis’s motion. On February 23, 2012, Davis appealed the court’s decision to the Mississippi Supreme Court. The appeal was summarily dismissed for Davis’s failure to pay the costs of the appeal.
¶ 4. On May 17, 2013, Davis filed a motion with the circuit court to vacate the previous order dismissing his PCR petition and for additional time to comply with section 99-39-9(3) or, alternatively, to renew the time to file another PCR petition. The circuit court judge denied Davis’s motion. Davis appeals.
DISCUSSION
1. Davis’s Motion under Mississippi Rule of Civil Procedure 60(b)
¶ 5. Davis did not appeal the dismissal of his 2010 PCR petition within thirty days. Davis, did, however, attempt to file an out-of-time appeal in August 2011. His request was denied by the circuit court. As a result, nearly three years after his PCR petition had been dismissed, Davis filed the instant motion requesting the judge vacate the order dismissing his PCR petition. “Motions served after ten days of the rendition of a judgment typically are construed as Rule 60(b) motions.” Entergy Miss. Inc. v. Richardson, 134 So.3d 287, 289 (¶ 5) (Miss.2014) (citations omitted). Our review is limited to whether the Rule 60(b) motion was properly denied. Woods v. Victory Mktg., LLC, 111 So.3d 1234, 1236 (¶ 8) (Miss.Ct.App.2013) (citations omitted). A circuit court’s denial of relief pursuant to Rule 60(b) is reviewed under an abuse-of-discretion standard. Beeks v. State, 130 So.3d 163, 165 (¶7) (Miss.Ct.App.2014) (citation omitted).
¶ 6. The rule allows the court to relieve a party from a final judgment when one of the following criteria has been met:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
• (4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
¶ 7. On appeal, Davis claims his guilty plea was involuntary and that his PCR counsel failed to send him the origi *1036 nal affidavit. “An appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.” Bruce v. Bruce, 587 So.2d 898, 903-04 (Miss.1991). , Rather, “[R]ule 60(b) is for extraordinary circumstances, for matters collateral to the merits.... ” Bruce, 587 So.2d at 903. Davis’s failure to comply with procedural rules is not an “extraordinary circumstance.” A Rule 60(b) motion is not a substitute for a timely appeal. S. Healthcare Servs., Inc. v. Lloyd’s of London, 110 So.3d 735, 742 (¶ 14) (Miss.2013).
¶ 8. “Rule 60(b) motions should be denied where they are an attempt to relitigate the case.” Pruett v. Malone, 767 So.2d 983, 986 (¶ 14) (Miss.2000) (citation omitted). On appeal, Davis raises arguments that have already been addressed by the circuit court. We find Davis is not entitled to relief from the judgment denying his 2010 PCR petition. Therefore, we affirm the circuit court’s denial of Davis’s motion.
2. Davis’s Alternative Request to File a Second PCR Petition
¶ 9. In his motion, Davis also alternatively requested time to file another petition for post-conviction relief. The circuit judge stated that Davis did not need the court’s permission to do so, and welcomed Davis to submit another petition if he desired. The judge further stated that, if Davis chose to file another PCR petition, he would consider whether Davis’s petition met one of the statutory exceptions to the time-bar or whether it was barred as a successive writ. See Miss.Code Ann. §§ 99-39-5(2) & 99-39-23(6) (Supp.2013). We find no error in the circuit judge’s ruling.
¶ 10. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. Davis was sentenced to a term of life imprisonment in the custody of the Mississippi Department of Corrections without the possibility of parole. The record is silent as to why Davis was placed in a Tennessee correctional facility.