# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00267-COA

**TRAMENDEZ MOSLEY A/K/A TRAMENDEZ SANJUAN MOSLEY A/K/A TRAMENDEZ S. MOSLEY**                                               APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                               APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/03/2016 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TRAMENDEZ MOSLEY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR RELIEF FROM JUDGMENT DENIED |
| DISPOSITION: | AFFIRMED - 10/18/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., JAMES AND WILSON, JJ.

### WILSON, J., FOR THE COURT:

¶1.     Tremendez Mosley appeals from the denial of his motion for relief under Mississippi Rule of Civil Procedure 60(b)(6), which he filed almost eight months after his underlying motion for post-conviction relief (PCR) was denied. The circuit court properly denied Mosley's Rule 60(b) motion, as it simply reargued his PCR motion. Mosley's arguments are also without merit. Accordingly, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     On November 5, 2010, a Lauderdale County grand jury indicted Mosley on three

felony counts.  Count I charged possession of marijuana with the intent to distribute while in possession of a firearm.  *See* Miss. Code Ann. §§ 41-29-139 (Supp. 2015) & 41-29-152 (Rev. 2013).  Count II charged possession of cocaine with the intent to distribute while in possession of a firearm.  *See id.*  Count III charged possession of a firearm as a convicted felon.  *See* Miss. Code Ann. § 97-37-5 (Rev. 2014).

¶3.     On April 1, 2011, Mosley pled guilty to Count II sans the firearm enhancement.  As part of his plea bargain, the remaining charges against him were nolle prossed.  During Mosley's plea hearing, the circuit judge questioned him as follows:

> Q.     [Paragraph 7(a) of your plea petition indicates that] you have reached a plea bargain agreement with the District Attorney's office.  I'm going to go over that paragraph with you.  I'm going to explain it to you, and then I'm going to ask you if this is your understanding of the full and complete plea bargain agreement that you have reached with the State in your case. According to your petition, you'll be sentenced to serve 20 years with the Mississippi Department of Corrections, of which you will be required to serve one year and one day.  The remaining 18 years, 364 days will be suspended, followed by five years of supervised post-release supervision. . . .
>
> . . . .
>
> Now is that your understanding of the full and complete plea bargain you've reached with the State and your understanding of how it works?
>
> A.     Yes, sir.

¶4.     The court accepted Mosley's guilty plea and sentenced him in accordance with his plea bargain with the State.  The court's sentencing order set forth the terms and conditions of Mosley's post-release supervision (PRS), including that his PRS could be revoked if he committed a criminal offense, possessed a firearm, used drugs, or failed to make payments on fines imposed and court costs assessed as part his sentence.

¶5. In April 2012, Mosley was placed on PRS. In November 2012, a petition to revoke Mosley's PRS was filed. The petition alleged that Mosley had violated the conditions of his PRS by possessing marijuana with the intent to distribute, possessing a firearm, and failing to pay court costs, among other things. The circuit court subsequently held a revocation hearing, revoked Mosley's PRS, and ordered Mosley to serve the remaining eighteen years and 364 days of his sentence in the custody of the Mississippi Department of Corrections.

¶6. On October 15, 2014, Mosley filed a PCR motion. He argued that by revoking his PRS and ordering him to serve the full suspended portion of his sentence, the circuit court effectively set aside his original sentence and imposed a new sentence. Mosley argued that this violated double jeopardy. On October 21, 2014, the circuit court summarily dismissed Mosley's PCR motion. *See* Miss. Code Ann. § 99-39-11(2) (Rev. 2015).

¶7. Mosley did not file a timely notice of appeal. Instead, more than eight months later, he filed a motion for relief from judgment pursuant to Mississippi Rule of Civil Procedure 60(b)(6). In his Rule 60(b) motion, Mosley essentially reiterated the argument advanced in his PCR motion. On February 3, 2016, the circuit court denied Mosley's motion. On February 22, 2016, Mosley filed a notice of appeal.

**DISCUSSION**

¶8. Mosley did not file a timely notice of appeal from the denial of his PCR motion. He appealed from the denial of his Rule 60(b) motion. Accordingly, our review is limited to whether the circuit court properly denied the Rule 60(b) motion, and we apply an abuse of discretion standard of review. *Davis v. State*, 146 So. 3d 1033, 1035 (¶5) (Miss. Ct. App.

3

2014); *Beeks v. State*, 130 So. 3d 163, 165 (¶7) (Miss. Ct. App. 2014).

¶9.     Motions for relief under Rule 60(b)(6) are reserved for "extraordinary and compelling circumstances." *Sanders v. State*, 149 So. 3d 541, 543 (¶5) (Miss. Ct. App. 2014). Such "motions should be denied where they are merely an attempt to relitigate the case" and are "not to be used as a substitute for appeal." *Id.* Mosley's Rule 60(b) motion simply reargued the merits of his PCR motion, which had been denied eight months earlier. Accordingly, the circuit court properly denied Mosley's Rule 60(b) motion. If Mosley wanted to further litigate the issue raised in his PCR motion, he should have filed a timely motion under Mississippi Rule of Civil Procedure 59 and/or a timely notice of appeal.

¶10.    Notwithstanding Mosley's failure to appeal the denial of his PCR motion, we also note that this Court has rejected an essentially identical claim on the merits. On appeal, Mosley asserts that when he pled guilty, it was his "understanding that only the [PRS] portion of his sentence would be revoked upon the violation of any condition of his release." In other words, Mosley maintains that when he pled guilty, he believed that no more than five years of his suspended sentence would be imposed if he later violated a condition of his PRS. Mosley argues that "under these circumstances it was unconstitutional" for the circuit court to impose the full suspended portion of his sentence, i.e., eighteen years and 364 days. In making this argument, Mosley relies on the following language in his original sentencing order: "Failure to abide by any one of these conditions is sufficient to revoke the [PRS] portion of this order."

¶11.    In a prior case, the petitioner argued that this same language precluded the circuit

4

court from imposing the full suspended portion of his original sentence. *Moffite v. State*, 129 So. 3d 227, 229 (¶6) (Miss. Ct. App. 2013). We explained that the petitioner's contention was simply "mistaken." *Id.* The circuit court was authorized to impose the full suspended portion of Mosley's sentence once it determined that he had violated the terms of his PRS. *See id.* at 229-30 (¶7).[1] Nothing that was said to Mosley during his plea hearing would have justified any different "understanding" on his part. Therefore, the claim in Mosley's original PCR motion was without merit, so the circuit court certainly did not abuse its discretion by denying a belated Rule 60(b) motion that simply reargued that same claim.

¶12. **THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND GREENLEE, JJ., CONCUR.**

---

[1]At the time Mosley's PRS was revoked, Mississippi Code Annotated "Section 47-7-37 authorized a circuit court to punish a violation of the conditions of [PRS] by 'impos[ing] any part of the sentence which might have been imposed at the time of conviction.'" *Atwood v. State*, 183 So. 3d 843, 845 (¶6) (Miss. 2016) (quoting Miss. Code Ann. § 47-7-37 (Rev. 2006)). Section 47-7-37 was amended after Mosley's PRS was revoked, *see id.*, but those amendments do not apply to Mosley's case.