# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00224-COA

**ANDRE DAVIS**                                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

DATE OF JUDGMENT:               01/30/2020
TRIAL JUDGE:                    HON. GERALD W. CHATHAM SR.
COURT FROM WHICH APPEALED:      DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         ANDRE DAVIS (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: BRITTNEY SHARAE EAKINS
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 05/11/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., GREENLEE AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Appearing pro se, Andre Davis appeals the DeSoto County Circuit Court's denial of his second motion for post-conviction collateral relief (PCR). We find the error in sentencing to be harmless and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Davis was indicted for capital murder on January 23, 2006, as a nonviolent habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2000). The trial court subsequently allowed the State to amend the indictment to charge Davis as a violent habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2000). The State indicated that it would seek the death penalty if the case went to trial. On July 21, 2008,

Davis entered an *Alford* plea to capital murder.[1]  The trial court confirmed that Davis understood his rights, accepted the plea, and sentenced him to life without the possibility of parole.

¶3.     On July 17, 2009, Davis filed his first PCR motion in the circuit court.  Davis claimed that his plea was involuntary and that he received ineffective assistance of counsel in addition to multiple additional claims under Mississippi Code Annotated section 99-39-5 (Rev. 2007). The trial court denied his motion and Davis filed a notice of appeal on August 8, 2011. Davis's appeal was dismissed because he did not pay the required costs.  *Davis v. State*, 2011-TS-01060.

¶4.     On May 17, 2013, Davis asked the trial court to vacate its prior order dismissing his PCR motion.  He asked for additional time to comply with Mississippi Code Annotated section 99-39-9(3) (Supp. 2013) or, alternatively, to renew the time to file another PCR motion.  The trial court denied the motion and Davis again appealed.  This Court held that Davis was not entitled to relief from the denial of his first PCR motion.  *Davis v. State*, 146 So. 3d 1033, 1036 (¶8) (Miss. Ct. App. 2014).  Both the trial court and this Court agreed that Davis did not require permission to file another PCR motion.  *Id.* at (¶9).

¶5.     In August 2019, Davis filed the PCR motion that led to his current appeal.  The trial court dismissed the motion as time-barred, successive, and barred by res judicata.  Davis again appeals, arguing that the trial court erred because (1) he was given an illegal sentence or denied due process at sentencing; (2) his plea counsel rendered ineffective assistance; and

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

(3) his plea was involuntary. To the extent procedural bars exist, Davis maintains that there are applicable exceptions.

## STANDARD OF REVIEW

¶6. The standard of review for the denial of PCR motions is well settled; we will only disturb a decision that was clearly erroneous. *Kirksey v. State*, 728 So. 2d 565, 567 (¶8) (Miss. 1999) (citing *State v. Tokman*, 564 So. 2d 1339, 1341 (Miss. 1990)). Questions of law are reviewed de novo. *Rice v. State*, 910 So. 2d 1163, 1164 (¶4) (Miss. Ct. App. 2005) (citing *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)).

## DISCUSSION

¶7. Davis filed his August 2019 PCR motion outside of the applicable three-year statute of limitations provided by the Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). The record identifies July 21, 2008, as the date Davis entered his plea and was sentenced and the circuit court entered its judgment of conviction. The current motion was filed in 2019, over a decade after his sentencing and well outside of the three-year window for appeals.

¶8. We note that Davis's motion was also successive as he had filed at least one previous PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2020). "When a subsequent PCR motion is filed, the burden falls on the movant to show he has met a statutory exception." *Stokes v. State*, 199 So. 3d 745, 749 (¶10) (Miss. Ct. App. 2016) (quoting *Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013)).

**I.      Whether Davis received an illegal sentence.**

3

¶9. Davis alleges that he received an illegal sentence. We recognize that errors affecting fundamental constitutional rights are excepted from procedural bars that would otherwise prevent their consideration. *Rowland v. State*, 42 So. 3d 503, 505-06 (¶7) (Miss. 2010). We also recognize that the right to be free from an illegal sentence is a fundamental right. *Hughes v. State*, 106 So. 3d 836, 840 (¶10) (Miss. Ct. App. 2012).

¶10. Davis was indicted in January 2006 for capital murder as a nonviolent habitual offender under section 99-19-81. Subsequently, on July 17, 2008, the trial court allowed the State to amend the indictment to charge Davis as a violent habitual offender under section 99-19-83 stemming from an April 3, 2007, conviction for voluntary manslaughter (the second, separate predicate felony offense). The amended indictment was based on two separate convictions, but Davis argues (and the State agrees) that he had not served terms of one year or more for each of the underlying convictions at the time of the initial indictment. *See Feazell v. State*, 761 So. 2d 140, 143 (¶14) (Miss. 2000) (holding that "the time span to be considered for the purpose of determining 'time served' under [section] 99-19-83 runs from the time the defendant is incarcerated on the second, predicate felony offense, including pre-trial incarceration, until the date on which the indictment on the third, habitual felony offense is returned"). Davis maintains that he suffered prejudice from being sentenced under a habitual-offender statute that does not apply to him.

¶11. The law is clear that a defendant convicted of capital murder may only be sentenced to death or life imprisonment without the possibility of parole. *Brown v. State*, 890 So. 2d 901, 922 (¶83) (Miss. 2004); *see also* Miss. Code Ann. § 97-3-21 (Rev. 2006). Whether

Davis was sentenced as a nonviolent habitual offender, a violent habitual offender, or without any habitual offender status at all, the resulting sentence would have been the same—life imprisonment without the possibility of parole. This sentence is not illegal because it does not exceed the maximum sentence authorized by law. *See Hayes v. State*, 203 So. 3d 1144, 1146 (¶4) (Miss. Ct. App. 2016). Despite his argument to the contrary, Davis did not suffer any prejudice and he has shown no denial of due process.

¶12. In *Reed*, the defendant was convicted of murder and sentenced to life imprisonment without the possibility of parole. *Reed v. State*, 31 So. 3d 48, 50 (¶1) (Miss. Ct. App. 2009). Reed was also sentenced as a violent habitual offender. *Id*. at 54 (¶23). He appealed and argued that the State failed to prove that he had been sentenced to and actually served separate terms of one year or more for each of his prior felony convictions. *Id*. Reed's prior convictions stemmed from offenses committed in Harrison County. *Id*. at 55 (¶¶26-27). The first was a possession of controlled substance in 2000. *Id.* at (¶26). He was sentenced to three years with all three suspended and given credit for time served (which was sixteen months and fifteen days). *Id*. The second conviction in 2003 was for simple assault on a law enforcement officer, which resulted in a sentence of five years with all suspended but the time he had served before pleading guilty (approximately nine and a half months). *Id*. at (¶27). The court later revoked his suspended sentence in 2004 and sentenced Reed to serve five years in the custody of MDOC. *Id*. at (¶28). Our Court held that the trial court erred in sentencing Reed as a violent habitual offender, but the error was harmless because the evidence was sufficient to find that Reed qualified for enhanced sentencing as a nonviolent

habitual offender. *Id*. at 56 (¶¶32-33). Section 99-19-81, unlike section 99-19-83, does not require proof that the defendant actually served at least one year for each prior offense; only that a defendant was convicted of the prior felony and sentenced to at least a year for each offense. *Id*. at (¶33).

¶13. As stated above, if a defendant is not sentenced to death, life without the possibility of parole is the only sentence a judge can give for capital murder regardless of whether the defendant is sentenced as a habitual offender. Thus, in accordance with *Reed*, we find this error to be harmless as there is sufficient evidence to find that Davis qualifies for enhanced sentencing as a nonviolent habitual offender.

## II. Whether Davis received ineffective assistance of counsel.

¶14. Davis also raises a claim for ineffective assistance of counsel. He alleges that his defense attorneys failed to object to the amendment of the indictment. Davis's 2009 PCR motion included numerous claims that his plea counsel was ineffective, but he did not argue that his attorneys should have objected to the amendment of the indictment. However, in exceptional circumstances, an ineffective-assistance claim might be excepted from the procedural bars. *Chapman v. State*, 167 So. 3d 1170, 1174-75 (¶13) (Miss. 2015). Davis is required to prove that (1) defense counsel's performance was deficient; and (2) he was prejudiced by counsel's deficient performance. *Hansen v. State*, 649 So. 2d 1256, 1259 (Miss. 1994) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Davis is incorrect when he states that his counsel did not object to the amendment of the indictment. The circuit clerk's docket entries show that his attorneys filed a response in opposition to the

6

State's motion to amend the indictment. And as discussed above, he was not subjected to prejudice by being sentenced under the amended indictment. Davis has failed to show that his attorneys' conduct and recommendations were anything other than sound trial strategy which constituted "reasonable professional assistance . . . based on the totality of the circumstances." *Frierson v. State*, 606 So. 2d 604, 608 (Miss. 1992). Therefore, we find this issue to be barred and without merit.

### III. Whether Davis's plea was involuntary.

¶15. Finally, Davis argues that his *Alford* plea was involuntary. He made the same unsuccessful claim during his first appeal. *Davis*, 146 So. 3d at 1035 (¶7). This Court has held that involuntary pleas are not fundamental rights that can survive PCR procedural bars. *Owens v. State*, 281 So. 3d 863, 867 (¶11) (Miss. Ct. App. 2019). Looking past the procedural bar, Davis makes three allegations in support of this argument: (1) he was not informed of the underlying felony (kidnapping) that supported the charge of capital murder; (2) he was not informed of the State's burden of proof in order for him to be sentenced as a habitual offender; and (3) his attorneys forced him to accept a plea. The record belies Davis's arguments. At the plea hearing, Davis and the trial judge engaged in a dialogue wherein Davis was fully advised of the nature of the charge, the effect of his plea, and his sentence. Davis was also afforded the opportunity to ask questions and to discuss issues with his counsel in private. This issue is also barred and without merit.

### CONCLUSION

¶16. Because Davis clearly fails to establish an excepted error regarding his claims of

ineffective assistance of counsel or that his plea was involuntary, we must affirm the circuit court's dismissal of these claims as successive and untimely, as well as its finding of res judicata. Additionally, although we take notice of the sentencing error, we find it to be harmless.

¶17. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**