# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00795-COA

**MALCOLM CRUMP A/K/A MALCOLM CORDEZ CRUMP**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:               05/31/2023
TRIAL JUDGE:                    HON. JOSEPH H. LOPER JR.
COURT FROM WHICH APPEALED:      GRENADA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         MALCOLM CRUMP (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 02/25/2025
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., LAWRENCE AND EMFINGER, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     Malcolm Crump filed his third post-conviction relief (PCR) motion in the Grenada County Circuit Court. The court denied the motion because it was untimely, successive, and barred by the doctrine of res judicata. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2.     In 2016, Crump pled guilty to three separate charges of selling a controlled substance (methamphetamine). On June 8, 2016, Crump was sentenced as a second or subsequent offender and a habitual offender to serve a total of fifty-six years in the custody of the

Mississippi Department of Corrections without eligibility for parole.[1]  On November 22, 2017, Crump filed his first PCR motion, which was denied on December 13, 2017.  Crump appealed, and on July 30, 2019, this Court found no error and affirmed.  *See Crump v. State*, 288 So. 3d 364 (Miss. Ct. App. 2019).  On May 20, 2022, Crump filed a motion in the circuit court seeking a writ of habeas corpus, which was considered his second PCR motion and denied on February 2, 2023.

¶3.     On May 19, 2023, Crump filed a motion for "Review or Challenge of Criminal Offender" pursuant to Mississippi Code Annotated section 45-27-11 (Rev. 2022).  On May 31, 2023, the circuit court issued an order finding that although Crump sought to have the habitual offender portion of his sentence vacated, his motion was actually one requesting post-conviction relief.  *See* Miss. Code Ann. § 99-39-3 (Rev. 2020).  The circuit court denied his motion for three reasons: (1) the motion was filed seven years after his sentencing and was thus barred by the statute of limitations; (2) the motion was his third motion for post-conviction relief and was thus barred as a second or subsequent motion; and (3) Crump had already raised the issue of his habitual offender status and was barred by the doctrine of res judicata from raising it again.  On July 17, 2023, Crump appealed.[2]

---

[1] Specifically, Crump was sentenced to serve forty years in custody for his conviction of the first charge, sixteen years for the second charge, and sixteen years for the third charge. The sixteen-year term for the second charge was ordered to run consecutively to the forty-year sentence.  The sixteen-year term for the third charge was set to run concurrently to the forty-year sentence.

[2] That same day, he filed an application to proceed in forma pauperis.  On August 4, 2023, the circuit court received a letter from Crump explaining that his timely notice of

**STANDARD OF REVIEW**

¶4.     "We will not reverse a circuit court's [denial or] dismissal of a PCR motion unless the circuit court's findings are **clearly erroneous**." *Moffite v. State*, 129 So. 3d 227, 228 (¶4) (Miss. Ct. App. 2013) (emphasis added) (citing *Williams v. State*, 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004)). "For issues involving questions of law, the applicable standard of review is de novo." *Id.*

**ANALYSIS**

¶5.     This Court first notes that Crump's motion was untimely. "Under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion must be filed **within three years** of the judgment of conviction following a guilty plea." *Hamilton v. State*, 367 So. 3d 1039, 1041-42 (¶6) (Miss. Ct. App. 2023) (emphasis added) (citing Miss. Code Ann. § 99-39-5(2) (Rev. 2020)), *reh'g denied* (Oct. 17, 2023). Crump's sentence was entered on June 8, 2016. The instant PCR motion was not filed until May 19, 2023, approximately seven years later. The UPCCRA provides

> exceptions to the statutory bars for (1) an intervening decision of the Mississippi Supreme Court or United States Supreme Court that would have actually adversely affected the outcome of his conviction or sentence, (2) newly discovered evidence that is of such nature that it would be practically conclusive that it would have caused a different outcome if introduced at trial, (3) the testing of certain biological evidence, (4) claims that the movant's

---

appeal had apparently been lost in the mail. On August 25, 2023, the circuit court entered an order allowing Crump to appeal the denial of his PCR motion in forma pauperis. On November 14, 2023, on our own motion, this Court entered an en banc order allowing Crump's appeal to proceed as timely.

sentence has expired or his probation, parole or conditional release has been unlawfully revoked, and (5) certain motions for relief in cases where the death penalty is imposed.

*Id.* at 1042 (¶8) (quoting Miss. Code Ann. §§ 99-39-5(2), 99-39-23(6) (Rev. 2020)).

¶6. Crump does not contend that any of these exceptions apply to his motion; rather, he argues that his fundamental rights have been violated by the habitual offender enhancement. Crucially, however, we no longer allow the fundamental-rights exception to overcome the UPCCRA's statutory bars in this state. *Howell v. State*, 358 So. 3d 613, 615-16 (¶¶8, 12) (Miss. 2023). Because the instant motion was not filed within the allotted three-year period set out in the UPCCRA and is not subject to any of the UPCCRA's exceptions, Crump's motion is indeed time-barred.

¶7. Crump's PCR motion is also successive. "[A]ny order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed." Miss. Code Ann. § 99-39-23(6). The circuit court denied two of Crump's PCR motions in the past, with the instant one being Crump's third. Thus, Crump's third PCR motion is barred as successive.

¶8. Finally, Crump's PCR motion is barred by the doctrine of res judicata. "[R]es judicata prevents the litigation of claims that were made or should have been made during previous litigation." *Stokes v. State*, 199 So. 3d 745, 749 (¶12) (Miss. Ct. App. 2016) (citing *Hill v. Carroll County*, 17 So. 3d 1081, 1084 (¶8) (Miss. 2009)). In other words, "an issue that has been addressed in a final judgment with specific findings of facts and conclusions of law may

4

not be raised again by a PCR movant." *Lambert v. State*, 329 So. 3d 1225, 1229 (¶6) (Miss. Ct. App. 2021) (quoting *Savinell v. State*, 147 So. 3d 862, 863 (¶7) (Miss. Ct. App. 2014)). Crump has unsuccessfully argued his claim regarding his habitual offender enhancement before both the circuit court and this Court. *See Crump*, 288 So. 3d at 369-72 (¶¶12-25). Therefore, Crump's PCR motion is barred by res judicata.

## CONCLUSION

¶9.     Upon review, this Court finds no error in the circuit court's denial of Crump's third PCR motion and affirms the order.

¶10.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, McCARTY, EMFINGER, WEDDLE AND ST. PÉ, JJ., CONCUR.**