# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CP-01328-COA

**LONNIE CARTER**  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

DATE OF JUDGMENT: 11/01/2024
TRIAL JUDGE: HON. MICHELLE DEAN EASTERLING
COURT FROM WHICH APPEALED: OKTIBBEHA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: LONNIE CARTER (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: ALLISON ELIZABETH HORNE
NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
DISPOSITION: AFFIRMED - 10/28/2025
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., LAWRENCE AND WEDDLE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. The circuit court treated Lonnie Carter's petition for writ of habeas corpus as a motion for post-conviction relief (PCR). The circuit court dismissed Carter's PCR motion alleging an illegal sentence and ruled that the sentence was lawful. We agree with the circuit court's ruling and also hold that the motion was time-barred.

## FACTS AND PROCEDURAL HISTORY

¶2. In March 2011, Lonnie Carter was indicted for one count of selling cocaine (Count I), one count of selling cocaine within 1,500 feet of a school (Count II), and one count of possessing cocaine in the presence of a minor (Count III). In July 2013, Carter pled guilty to two reduced counts of possession of cocaine greater than 0.1 gram but less than 2 grams

in violation of Mississippi Code Annotated section 41-29-139 (Supp. 2011). Carter was sentenced as a non-violent habitual offender to serve two consecutive eight-year terms in the custody of the Mississippi Department of Corrections (MDOC).

¶3. When Carter pled guilty in 2013, the possible sentence for his crime ranged from a minimum of two years to a maximum of eight years in custody. Miss. Code Ann. § 41-29-139(c)(1)(B). A year after Carter pled guilty, the Mississippi Legislature passed House Bill 585, which reduced the maximum sentence for his crime to three years. 2014 Miss. Laws ch. 457, § 37 (H.B. 585) (amending Miss. Code Ann. § 41-29-139(c)(1)(B)). On September 9, 2024, Carter filed a petition for a writ of habeas corpus, arguing that this amendment renders his sentence illegal.

¶4. On November 1, 2024, the circuit court dismissed Carter's motion without a hearing. The circuit court found that Carter's "sentence falls within the minimums and maximums allowed by law for this charge when [Carter] entered his guilty plea and is not an illegal sentence under Mississippi Law." Aggrieved, Carter appeals.

## DISCUSSION

¶5. "We will not reverse a circuit court's [denial or] dismissal of a PCR motion unless the circuit court's findings are clearly erroneous." *Moffite v. State*, 129 So. 3d 227, 228 (¶4) (Miss. Ct. App. 2013) (citing *Williams v. State*, 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004)). "For issues involving questions of law, the applicable standard of review is de novo." *Id.*

2

¶6.   A defendant who pleads guilty to a charge and files a PCR motion under Mississippi Code Annotated section 99-39-5(2) (Rev. 2020) must file it within three years after the judgment of conviction.  The Mississippi Supreme Court has held that a PCR motion is barred if it is filed beyond the three-year time period unless the claim fits within one of the express statutory exceptions.  *Howell v. State*, 358 So. 3d 613, 615-16 (¶¶8, 12) (Miss. 2023).  Prior to *Howell,* the Court had held that errors affecting certain "fundamental constitutional rights" constituted an exception from the three-year statute of limitations.  *Id.* at 615 (¶7).  However, *Howell* expressly overruled cases "in which the Mississippi Supreme Court ha[d] held that the courts of Mississippi can apply the judicially crafted fundamental-rights exception to . . . the three-year statute of limitations."  *Id*. at (¶8).  *Howell* also made clear that illegal-sentence claims are no longer excepted from the three-year statute of limitations.  *Id.* at (¶7).

¶7.   Carter's motion was labeled as a petition for a writ of habeas corpus.  The circuit court treated Carter's filing as a PCR motion.  *See Jenkins v. State*, 159 So. 3d 608, 609 (¶5) (Miss. Ct. App. 2015).  Regardless of what the motion was titled, the arguments in it are without merit.

¶8.   Carter's PCR motion is time-barred because he filed his PCR motion over three years after he pled guilty.  Carter pled guilty on July 24, 2013, and he filed his PCR motion over eleven years later on September 9, 2024.  Even if the statute of limitations did not preclude Carter's relief, his illegal-sentence claim is not meritorious because his sentences were not

illegal. At the time Carter pled guilty, the maximum penalty for his crime was eight years. Miss. Code Ann. § 41-29-139(c)(1)(B). In 2014, the statute was amended to reduce the potential sentence to "not more than three years." 2014 Miss. Laws ch. 457, § 37 (H.B. 585) (effective July 1, 2014) (amending Miss. Code Ann. § 41-29-139(c)(1)(B)). The Mississippi Supreme Court has stated that "[Mississippi Code Annotated] Section 99-19-1 clearly requires the trial court to sentence an offender under a sentencing statute in place at the time of the crime." *Harris v. State*, 377 So. 3d 947, 950 (¶14) (Miss. 2023) (citing *Wilson v. State*, 194 So. 3d 855, 874 (¶61) (Miss. 2016)). Carter's sentences were imposed according to the statute in place at the time of the crime and when he entered his guilty pleas.

## CONCLUSION

¶9. Carter's PCR motion is time-barred, and no statutory exception is present. Even if Carter's motion was not time-barred, his claim was without merit.

¶10. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**